Filed 12/13/21  P. v. Hockaday CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte & Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C092911 |
| Plaintiff and Respondent, | (Butte County Super. Ct. No. 19CF06316 |
| v. | Sacramento County Super. Ct. No. 19FE002575) |
| DAMIAN MARQUIS HOCKADAY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Damian Marquis Hockaday has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in an outcome more favorable to defendant and affirm the judgment.

## I.  BACKGROUND

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

Defendant and another man went to a Rite Aid pharmacy, jumped over the counter, and demanded the employees give them prescription medications. Defendant demanded promethazine and the other man demanded hydrocodone and oxycontin. After getting the drugs, defendant demanded more promethazine, and when the employee told defendant there was no more, defendant pushed the employee, causing the employee to fall and hit a trash can. The two men then jumped back over the counter and ran out the emergency door exit. The employees gave a detailed description of defendant, including a distinctive facial tattoo and hairstyle. One of the employees also noted he had placed the promethazine in defendant's bag. Witnesses saw the men leave the pharmacy and provided law enforcement with information as to the license plate of the car they left the scene in. Ultimately, the Sacramento County Sheriff's Office Gang Unit identified defendant as one of the men, based on his tattoos and hairstyle. The investigating officer also identified defendant as one of the men involved in the robbery based on surveillance videos. The men stole a total of over $12,000 of medication, including over 3,000 promethazine tablets.

The People filed a felony complaint charging defendant with second degree robbery. (Pen. Code, § 211.)[1] The complaint further alleged a prior serious felony conviction (§ 667, subd. (a)(1)), a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), a prior prison term (§ 667.5, subd. (b)), and a criminal street gang enhancement (§ 186.22, subd. (b)(1)(c)). At the time the complaint was filed, defendant was in custody in Sacramento County in a separate case, case No. 19FE002575.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant pled guilty to second degree robbery and admitted a prior strike conviction. On the People's motion, the trial court dismissed the remaining allegations with a *Harvey*[2] waiver.

The trial court received and considered the probation report, and the argument of the parties. The court denied probation and found the circumstances in aggravation outweighed the circumstances in mitigation. The trial court sentenced defendant to the upper term of five years, doubled pursuant to the prior strike. In addition, the trial court sentenced defendant to a consecutive term of one year four months for being a felon in possession of a firearm with a prior strike conviction in case No. 19FE002575. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 mandatory supervision revocation fine, suspended pending revocation of mandatory supervision (§ 1202.45, subd. (b)). The court also imposed a $40 court operations fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), a $39 theft fine (§ 1202.5), and direct victim restitution in the amount of $12,144.10. The court granted defendant 357 days of presentence custody credits and an additional 294 days of presentence custody credit in case No. 19FE02575. Appellate counsel filed a letter with the trial court and the trial court subsequently amended the abstract of judgment to reflect an additional four days of presentence custody credit in case No. 19CF06316.[3] Defendant did not obtain a certificate of probable cause.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] Neither the letter itself nor the record of the hearing is contained in our record on appeal.

within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed and we have received no such communication from defendant.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

BLEASE, Acting P. J.

/S/

_____

HULL, J.